# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-283V
Filed: June 1, 2015
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
RITA GLYNN,                         *
                                    *
            Petitioner,             *    Ruling on Entitlement; Concession;
                                    *    Tetanus-Diphtheria-acellular Pertussis
                                    *    ("Tdap") Vaccine; Shoulder Injury
SECRETARY OF HEALTH                 *    Related to Vaccine Administration
AND HUMAN SERVICES,                 *    ("SIRVA"); Special Processing Unit
            Respondent.             *    ("SPU")
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Randall G. Knutson*, Knutson & Casey Law Firm, Mankato, MN, for petitioner.
*Jennifer Reynaud*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

     On March 19, 2015, Rita Glynn filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that as a result of a tetanus-diphtheria-acellular pertussis vaccination on April 30, 2012, she suffered brachial neuritis, an impingement syndrome, and frozen shoulder. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

     On May 29, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent indicates that "petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ('SIRVA')" and "satisfies the *Althen* requirements and that her alleged injury was caused-in-fact by a vaccination." *Id.* at 3. Respondent further indicates that no other cause has been identified for petitioner's

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

condition, and petitioner has suffered "the residual effects of her condition for more than six months." *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master
