# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-283V
### Filed: November 20, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| RITA GLYNN, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Tetanus-Diphtheria-acellular Pertussis |
| | * | ("Tdap") Vaccine; Shoulder Injury |
| SECRETARY OF HEALTH | * | Related to Vaccine Administration |
| AND HUMAN SERVICES, | * | ("SIRVA"); Special Processing Unit |
| Respondent. | * | ("SPU") |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Randall G. Knutson, Knutson and Casey Law Firm, Mankato, MN, for petitioner.*
*Jennifer Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On March 19, 2015, petitioner, Rita Glynn, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that as a result of a tetanus-diphtheria-acellular pertussis ["Tdap"] vaccination on April 30, 2012, she suffered brachial neuritis, an impingement syndrome, and frozen shoulder. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 1, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ["SIRVA"]. On November 20, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $75,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $75,000.00 in the form of a check payable to petitioner, Rita Glynn.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<div align="center">

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

</div>

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| RITA GLYNN, | |
| Petitioner, | |
| v. | No. 15-283V<br>Chief Special Master Dorsey<br>ECF |
| SECRETARY OF HEALTH AND<br>HUMAN SERVICES, | |
| Respondent. | |

<u>**PROFFER ON AWARD OF COMPENSATION**</u>

On March 19, 2015, Rita Glynn ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended.  The Petition alleges that petitioner received a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine in her left shoulder on April 30, 2012, and subsequently suffered brachial neuritis, impingement syndrome, and frozen shoulder, as a result of the vaccination.  Respondent's Rule 4(c) Report, filed on June 1, 2015, conceded that petitioner is entitled to compensation in this case because her alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA"), no other cause for her condition has been identified, and she has suffered the residual effects of her condition for more than six months.  In light of respondent's concession, on June 21, 2015, the Chief Special Master found petitioner entitled to compensation.

**I.**    <u>**Items of Compensation**</u>

Based upon the evidence of record, respondent proffers that petitioner should be awarded $75,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

1

## II.   <u>Form of the Award</u>

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $75,000.00 in the form of a check payable to petitioner.[1] Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

<div style="margin-left:40%">

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division

 s/ Jennifer L. Reynaud
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 305-1586

</div>

Date:   <u>November 20, 2015</u>

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.